EVANS, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*January 16—February 3, 1914.*

*Railroads: Killing of stallions on track: Contributory negligence: Question for jury: Evidence: Competency.*

1. In an action to recover for two stallions which had escaped to the highway and thence to defendant's right of way, where they were struck by a train, the evidence of contributory negligence is *held* sufficient to take that question to the jury, in view of the fact that the safe keeping of stallions requires the use of more than ordinary care.
2. In such action, the plaintiff having testified that he did not allow his horses to run at large on the highway, it was competent to show that they had been frequently seen on the highway before the accident, for the purpose of proving a breachy habit.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover for two young stallions which escaped on to the highway and from the highway on to the defendant's right of way over a defective cattle-guard, and were there struck by a train. The evidence showed that the stallions for about three weeks before the accident were pastured on a farm owned by plaintiff and operated by a tenant, situated a little over a mile from the railroad crossing; that the field was fenced with an ordinary wire fence and had a wooden gate four boards high opening on the highway; that the stallions escaped from the pasture by breaking down the gate during the night; that they had escaped in the same manner the previous night and that no precautions had been taken to prevent a second escape, except to patch up the gate with boards; that their absence from the pasture was first discovered at 6 o'clock in the morning and no search instituted for them until three hours later; and that they had been frequently seen at large on the highway during the summer before the accident. The plaintiff himself testified that the horses had gotten out two or three times during the three weeks they were on the farm prior to the accident.

A special verdict having been returned by the jury, in which all the questions were answered in the plaintiff's favor, except the question as to the plaintiff's contributory negligence, which was answered in defendant's favor, the judgment was rendered for the defendant, and the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Dillett & Larson,* and for the respondent on that of *Edward M. Smart.*

WINSLOW, C. J. In this case it is held:

1. There was sufficient evidence to take the question of contributory negligence to the jury in view of the fact that

a stallion is an animal whose safe keeping requires the use of more than ordinary care.   Sec. 1482, Stats. 1913.

2. The plaintiff having testified that he did not allow his horses to run at large on the highway, it was competent to show that they had been frequently seen on the highway before the accident, for the purpose of proving a breachy habit.

*By the Court.*—Judgment affirmed.